IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN RAY GILLISPIE, | ) | 4:10CV3185 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner Steven Ray Gillispie's ("Gillispie") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent has filed an Answer (filing no. 7) along with a Brief (filing no. 8) and relevant State Court Records (filing no. 6). Gillispie has filed a Brief in Response (filing no. 11), and Respondent has filed a Reply Brief (filing no. 12). This matter is therefore deemed fully submitted. As set forth below, the Petition is denied in all respects and dismissed with prejudice.

## I. BACKGROUND

    On August 15, 2005, Gillispie pled no contest to one count of first degree sexual assault. (Filing No. 6-3, Attach. 3 at CM/ECF pp. 29-31; Filing No. 6-6, Attach. 6 at CM/ECF pp. 4-7, 16.) On September 27, 2005, the District Court of Red Willow County, Nebraska, ("Nebraska District Court") sentenced Gillispie to a prison term of 30 to 40 years. (Filing No. 6-6, Attach. 6 at CM/ECF p. 46.) The sentencing Journal Entry was filed by the Nebraska District Court on October 12, 2005. (Filing No. 6-5, Attach. 5.) Gillispie did not file a direct appeal. (*Id.*)

On February 12, 2009, Gillispie filed an "Amended Motion for Relief" ("Post-Conviction Motion") in the Nebraska District Court.[1] (Filing No. 6-3, Attach. 3 at CM/ECF pp. 34-36.) After holding an evidentiary hearing, the Nebraska District Court denied the Post-Conviction Motion and Gillispie appealed. (Filing No. 6-7, Attach. 7; Filing No. 6-3, Attach. 3 at CM/ECF pp. 1, 38-40.) On December 2, 2009, the Nebraska Court of Appeals dismissed Gillispie's appeal for lack of jurisdiction because his poverty affidavit was not timely filed. (Filing No. 6-1, Attach. 1.) The mandate was issued on January 6, 2010. (Filing No. 6-2, Attach. 2 at CM/ECF p. 2.)

Gillispie filed his Petition in this court on September 22, 2010. (Filing No. 1.) Respondent filed an Answer and Brief in Support, arguing that Gillispie's Petition is barred by the relevant statute of limitations. (Filing Nos. 7 and 8.) In response, Gillispie argues that he is actually innocent of all charges. (Filing No. 11.)

## II. ANALYSIS

### A. Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Although Gillispie's motion was entitled an "Amended Motion for Relief," it was the only post-conviction motion that he filed. (Filing No. 6-5, Attach. 5.)

>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a post-conviction case is pending, and the limitations period is tolled, from the filing of the post-conviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Pursuant to Nebraska law, Gillispie had 30 days to file a direct appeal from the date that his sentence was entered on the Journal of the trial court, October 12, 2005. Neb. Rev. Stat. § 25-1912(1); *In re Interest of J.A.*, 510 N.W.2d 68, 71 (1994) (concluding that a notice of appeal must be filed within 30 days of the date the

3

judgment or order was entered on the journal of the trial court); *State v. Yos-Chiguil, 772 N.W.2d 574, 579 (2009)* (holding that in a criminal case , the judgment is the sentence). Because Gillispie's 30-day appeal deadline fell on Veteran's Day, a court holiday, Gillispie's time to file an appeal was extended until Monday, November 14, 2005. *See* Neb. Rev. Stat. § 25-2221. Gillispie failed to file a notice of appeal by this date, and the one-year statute of limitations began to run. Absent tolling, Gillispie had until November 14, 2006, to file a petition in this court.

As discussed above, Gillispie did not file his Post-Conviction Motion until February 12, 2009. (Filing No. 6-3, Attach. 3 at CM/ECF pp. 34-36.) Although the statute of limitations is tolled while a post-conviction case is pending, Gillispie filed his Post-Conviction Motion more than two years and two months after the statute of limitations *had already expired*. In light of this, the court finds that Gillispie's September 22, 2010, Petition was not timely filed. (*See* Filing No. 1.)

### B. Equitable Tolling

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

Liberally construed, Gillispie argues that his claim of actual innocence should toll the statute of limitations. (Filing No. 11.) However, for a claim of actual innocence to toll a statute of limitations, a petitioner needs to show that a respondent prevented him from discovering relevant facts in a timely fashion, or that a reasonably diligent petitioner could not have discovered relevant facts in time to file a petition within the period of limitations. *Flanders*, 299 F.3d at 978. Even with the most liberal construction, there is nothing in the record showing that Gillispie pursued his rights diligently, or that an extraordinary circumstance prevented him from filing a timely Petition. The court finds that equitable tolling does not apply and Gillispie's Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that:

1. Petitioner Steven Ray Gillispie's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of May, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.